# UNITED STATES DISTRICT COURT
Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | |
| | ) | Case Number: 16 CR 159-2 |
| | ) | |
| RONNIE ALLEN | ) | USM Number: 51105-424 |

Paul Camarena
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)     which was accepted by the court.
☒ was found guilty on counts one (1), two (2), three (3), four (4), five (5) and six (6) of the second superseding indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. §1028(a)(7), 18 U.S.C. §1028(b)(2)(B) | Identity Theft | 4/30/2014 | 1 |
| 18 U.S.C. §1029(a)(3), 18 U.S.C. §1029(c)(1)(A)(i) | Access Device Fraud | 4/30/2014 | 2 |
| 18 U.S.C. §1028A(a)(1), 18 U.S.C. §1028A(b) | Aggravated Identity Theft | 4/30/2014 | 3 |
| 18 U.S.C. §1028(a)(7), 18 U.S.C. §1028(b)(2)(B) | Identity Theft | 4/30/2014 | 4 |
| 18 U.S.C. §1029(a)(3), 18 U.S.C. §1029(c)(1)(A)(i) | Access Device Fraud | 4/30/2014 | 5 |
| 18 U.S.C. §1028A(a)(1), 18 U.S.C. §1028A(b) | Aggravated Identity Theft | 4/30/2014 | 6 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Any and all remaining counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

8/2/2017
Date of Imposition of Judgment

*/s/ Matthew F. Kennelly*
Signature of Judge

Matthew F. Kennelly     U.S. District Judge
Name and Title of Judge

8-7-2017
Date

Case: 1:16-cr-00159 Document #: 142 Filed: 08/07/17 Page 2 of 7 PageID #:723
ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 2 – Imprisonment

Judgment – Page 2 of 7

DEFENDANT: RONNIE ALLEN
CASE NUMBER: 16 CR 159

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Twenty-four (24) months as to counts 1, 2, 4 and 5 of the second superseding indictment, to run concurrent with each other, plus twenty-four (24) months as to counts 3 and 6 of the second superseding indictment, to run concurrent with each other and consecutive to the sentence imposed on counts 1, 2, 4 and 5 of the second superseding indictment, for a total term of imprisonment of forty-eight (48) months

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends defendant be designated to a facility where he can participate in the RDAP program at an appropriate point during his incarceration.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at　　　on

　　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☒ before 2:00 pm on November 2, 2017.

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT: RONNIE ALLEN
CASE NUMBER: 16 CR 159

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:

One (1) year as to counts one (1), two (2), three (3), four (4), five (5) and six (6) of the second superseding indictment, to run concurrent.

You must report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample.

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests in any one year.

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D);** and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not possess a firearm, ammunition, or a dangerous weapon.

2. The defendant shall report to the probation office in the federal judicial district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

3. During the term of supervised release, the defendant shall report to the probation officer in a manner and frequency directed by the probation officer.

4. The defendant shall not knowingly leave the federal judicial district in which the defendant is being supervised without the permission of the court or probation officer.

5. The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location specified by the probation officer. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

6. The defendant shall answer truthfully any inquiries by the probation officer, subject to any constitutional or other applicable privilege.

7. The defendant shall notify the probation officer within 72 hours after becoming aware of any change or planned change in the defendant's employer, workplace, or residence.

8. The defendant shall notify the probation officer within 72 hours after being arrested, charged with a crime, or questioned by a law enforcement officer.

9. The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

DEFENDANT: RONNIE ALLEN
CASE NUMBER: 16 CR 159

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

2. If the defendant is not gainfully employed, the defendant shall conscientiously seek lawful employment or pursue a course of study or vocational training that will equip him for lawful employment.

3. If the defendant is not gainfully employed after the first 60 days of supervision, or for any 60 period during the term of supervision, the defendant shall perform 10 hours of community service per week at the direction of the probation officer until he is gainfully employed at lawful employment. The total amount of community service shall not exceed 200 hours over the term of supervision.

4. The defendant shall not engage in employment where he has access to other persons' Social Security numbers or credit or debit card numbers, unless approved in advance by the probation officer.

5. Any remaining restitution is due immediately as of the date the defendant's term of supervised release begins. The defendant shall pay any financial obligations imposed by the judgment in this case that remain unpaid when defendant's term of supervised release commences in an amount that is at least 10% of the defendant's net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses.

6. While any financial obligations imposed by the judgment are outstanding:

   a. The defendant shall apply all monies received from income tax refunds, lottery or gambling winnings, judgments, and/or any other unanticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

   b. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

   c. The defendant shall provide the probation officer with access to any requested financial information for use in connection with collection of outstanding restitution obligations.

   d. Within 72 hours of any significant change in the defendant's economic circumstances, the defendant must notify the probation officer about the change.

Case: 1:16-cr-00159 Document #: 142 Filed: 08/07/17 Page 5 of 7 PageID #:726
ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties
Judgment – Page 5 of 7

DEFENDANT: RONNIE ALLEN
CASE NUMBER: 16 CR 159

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals** | $600.00 | $0.00 | $163,389.55 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| American Express Company<br>Global Security<br>Attention: Cindy Walsh<br>P.O. Box 807<br>Northfield, NJ 08225 |  | $378.25 |  |
| Chase Remittance Processing<br>P.O. Box 17055<br>Wilmington, DE 19886-7055 |  | $2,931.94 |  |
| Citi<br>14700 Citicorp Dr.<br>Building 2, 1st Floor, MC5205<br>Attn: Vicky Yeager<br>Hagerstown, MD 21742 |  | $5,580.64 |  |
| Comenity Bank<br>220 West Schrock Road<br>Attn: Account Protection (Restitution)<br>Westerville, OH 43081 |  | $3,836.55 |  |
| Discovery<br>P.O. Box 6106<br>Attention: Restitution Department<br>Carol Stream, IL 60197-6106 |  | $40,673.40 |  |
| Navy Federal Security<br>P.O. Box 2464<br>Merrifield, VA 22116-2464 |  | $100,517.79 |  |
| Synchrony Bank<br>Attention: Fraud Restitution<br>P.O. Box 105969<br>Atlanta, GA 30353-5969 |  | $9,470.98 |  |
|  |  |  |  |
| **Totals:** |  | **$163,389.55** |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

DEFENDANT: RONNIE ALLEN
CASE NUMBER: 16 CR 159

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
　　☒ the interest requirement is waived for the restitution.
　　☐ the interest requirement for the　　　is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RONNIE ALLEN
CASE NUMBER: 16 CR 159

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $163,989.55 due immediately.

☐ balance due not later than          , or

☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal          (e.g. weekly, monthly, quarterly) installments of $          over a period of          (e.g., months or years), to commence          (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal          (e.g. weekly, monthly, quarterly) installments of $          over a period of          (e.g., months or years), to commence          (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within          (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
Any remaining restitution is due immediately as of the date the defendant's term of supervised release begins. The defendant shall pay any financial obligations imposed by the judgment in this case that remain unpaid when defendant's term of supervised release commences in an amount that is at least 10% of the defendant's net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.